No. 19,906.

JAMES WELLIVER, *Appellee,* v. M. R. CLARK, *Appellant.*

SYLLABUS OF THE COURT.

1. ASSAULT—*Damages—Instructions.* Rule followed that when the instructions taken as a whole are not misleading to the jury and are fair to a party, he can not justly complain of an inaccurate expression now and then found in such instructions.

2. SAME—*Evidence.* Evidence examined and no basis found for holding the verdict excessive.

Appeal from Sedgwick district court, division No. 2; THORNTON W. SARGENT, judge. Opinion filed February 12, 1916. Affirmed.

*S. B. Amidon, Jean Madalene, S. A. Buckland,* and *C. R. Sowers,* all of Wichita, for the appellant.

*E. E. Enoch, George W. Adams,* and *John W. Adams,* all of Wichita, for the appellee.

The opinion of the court was delivered by

WEST, J.: The parties had a controversy over an article of household furniture, a table, which the defendant was attempting to take away from plaintiff's sister, and the defendant struck the plaintiff twice with a claw hammer, once in the face and once on the head. This action for damages followed, resulting in a judgment for one thousand dollars.

Jacobs v. Railway Co.

The defendant appeals and contends that the verdict and judgment are contrary to the law and against the evidence for various reasons, amounting substantially to the complaint that the court erred in its instructions and in its rulings on evidence, and finally and chiefly that the verdict was excessive.

The instructions were long, and, taken as a whole, very fair to the defendant, and he is not justified in picking out an inaccurate expression here and there for criticism.

The complaints covering the admission of evidence we find to be without substantial basis.

In presenting his views of the excessive character of the verdict, defendant's counsel in their brief say that they believe this court should render judgment for seventy-six dollars compensatory damages, and that the plaintiff be required to remit the remainder less costs. This would seem to eliminate all other questions.

There was evidence tending to show much spirit and force on the part of the defendant in his use of the hammer, with a result much more severe and lasting than that which the defendant finds from considering other testimony in the case. From conflicting evidence the jury determined the amount of damages and this was approved by the trial court, and we find in the record no sufficient basis for disturbing it.

The judgment is affirmed.